* ■ OPINION of the Court, by
Judge Owsley.
Chiles having’ run a fence across one of the streets of the town Monntsterling, the present defendants, the then acting trustees far said town, and the surveyor appointed by the board to keep the streets in repair, entered, threw the fence and opened tiie street. Chiles, conceiving the defendants not the legal trustees of the town, but sup-posing their authority as such to have expired in conse-quence of no election having been had by the citizens of the town, or appointment made by the county Court, since the passage of the act of 1800 concerning towns, brought the present action of trespass to obtain dama-Scs f°r the 1‘emoval of Ids fence.
Whether, therefore, the failure to elect or appoint trustees as aforesaid, has the effect supposed by Chiles, seems to be the question intended to be made by the pleadings, and is the only point raised in argument for the decision of this court.
With respect to the town of Mountsterling, we are unable to find any law whatever, requiring either an election of trustees by the citizens ofthetownor an appointment by the county court. That town appears not to have been established under the provisions of any general law providing for the establishment of towns, but by a spacial law enacted for that purpose; and as such, docs not come within any of the provisions requiring election#»/ trustees. A slight attention to the several provisions of the law on this subject, will illustrate beyond doubt the correctness of the foregoing position. By the 3d section of the act of 1800, (the last provision bn the subject) elections of trustees are required to be held annually by the clerk of each town entitled by law to have an election. As this act is amendatory only, and requires annual elections of trustees in those towns only which were-then entitled to have elections, to ascertain the extent of its operation we are necessarily led to examine the provisions of the law in force at its passage. The only provision which has a bearing on the subject of elections of trustees, then in force, is contained in the 3d section of the general law of 1796, Concerning the establishment of towns. It provides that “ when the holders of lots in any town established agreeably to that act, and actually residing therein, shall amount to fifteen* *217 they shall elect trastees,” &c. The authority-to elect given bv this section is confined exclusively to those towns established according to the act of which it composes a pact, and as that act applies only to the establishment of towns by county courts, it can have no possible relation to the town of Mountsterling. As, therefore, the law requiring elections of trustees does not apply to the town of Mountsterling, it results necessarily the failure to elect cannot have the effect supposed by Chiles.
Judgment affirmed with costs.